## MOWRY vs. MOSHER, impleaded, &c.

Where the holder of a note at maturity agrees to extend it for a certain period at a reduced rate of interest, on condition that that the interest shall be paid annually at a certain place, on default in any such payment the maker becomes liable for interest at the original rate from the day of the last previous payment.

In such a case the maker, in April, 1860, executed to the holder a writing which re-

cited that there was due on said note a certain sum, being the principal and in - terest from the date of such default to that date, at twelve per cent. (the rate named in the note); and promised to pay said note and all unpaid interest thereon, and also interest at twelve per cent. on said note thereafter until paid. The writing also stated that its object was "to renew said note, and to prevent its being barred by the statute of limitations, and not to create a new demand," &c. *Held,* that if the terms of the note had been absolutely changed by the agreement for an extension at a reduced rate, said written instrument of April, 1860, might have been void for usury, under chap. 160, laws of 1859, as amended by chap. 202, laws of 1860; but as the stipulations of the note were only suspended, and not annulled, by the special agreement for an extension, the rescission of the latter, by the agreement of April, 1860, left the former in full force.

This court will not listen to objections to the admissibility of evidence which were not taken at the trial.

APPEAL from the Circuit Court of *Racine* County.

The facts in this case are sufficiently stated in the opinion of the court. Judgment was rendered in the circuit court for the plaintiff, and *Mosher* appealed.

*Strong & Fuller,* for appellant, contended among other things, that the contract for an extension at a reduced rate was performed on the part of *Mosher ;* that the time of paying the interest was not of the essence of the contract; that there was no consideration for *Mosher's* agreement in 1860 to pay twelve per cent. interest; that said agreement was void for usury under chap. 160, laws of 1859, as amended by chap. 202, laws of 1860; and that it could not be recovered upon under the pleadings, not having been set out therein, and the evidence relating to it was immaterial.

*Bennett, Cassoday & Gibbs,* for respondent.

*By the Court,* DIXON, C. J. : Action to foreclose a mortgage. Trial and finding by the court, and judgment for the plaintiff, from which the defendant *Mosher,* the mortgagor, appeals. Omitting all immaterial circumstances, the facts are these: The note and mortgage executed at Racine, in April, 1849, to one Norton, for $3,000, due five years from the first of June then next, with interest at twelve per cent., payable annually, subsequently came to the hands of one Gibbs, a resident of

Washington county, New York, as trustee, who held them at maturity, and afterwards, in June, 1860, transferred them to the plaintiff, who commenced this action in April, 1861. There being no interest in arrear, Gibbs, in June, 1854, proposed to extend the time of payment for three years and reduce the interest to eight per cent., provided *Mosher* would retain the principal so long, pay the interest at the Washington County Bank, give six months notice, in writing, before paying the principal, and then pay it at the same place, agreeably to notice. To this proposition, which was verbal and sent through a third person, Gibbs received no direct response, nor does he know that it came to *Mosher*, except that *Mosher* retained the principal, and in June, 1855, paid the annual interest of eight per cent. at the Washington County Bank. The money was received and applied by Gibbs, and in acknowledgment he remitted a receipt embodying the verbal proposition of the previous year, the substance of which is above stated. A like indorsement was made upon the mortgage. The interest at the reduced rate for the year ending June 1st, 1856, was likewise paid; but no farther payment was made until April, 1859. In April, 1860, *Mosher* executed and delivered to Gibbs a writing, in which, after setting out the note by copy, and reciting that there was due upon it on the first day of June, 1859, and still remained unpaid (after deducting all sums previously paid) the principal sum of $3,000, and $711.85 back interest, and in addition the interest which had accrued since the first of June, 1859, he, for value received, promised to pay the note and all unpaid interest to Gibbs or bearer, and, until the note should be paid, and to pay interest thereon at the rate of twelve per cent. per annum. The writing likewise contained a clause, stating that it was given for the purpose of renewing the note, and to prevent its being barred by the statute of limitations—to acknowledge an old and original demand both as to amount of principal and rate of interest then justly due, and not to create a new one. The $711.85 back interest

acknowledged to have been due on the first of June, 1859, was the interest at twelve per cent. from the first of June, 1856, the payment made in April, 1859, being deducted. Upon these facts a controversy arose as to the rate of interest from June 1st, 1856, to the time the judgment was rendered—whether it should be eight or twelve per cent.; and that is the only question between the parties. The circuit judge held that the plaintiff was entitled to recover twelve per cent., and gave judgment accordingly.

Passing by the point, laboriously argued, that the proposition to reduce the rate of interest was never accepted by *Mosher*, so as to constitute a binding agreement, but concluding that it was, which is to put the case in the most favorable light for him, we yet think the judgment below correct. We have, then, only to consider the effect of the agreement, whether it was kept by *Mosher*, so that he might now take advantage of it; and if so, whether it was competent for the parties, by the writing of April, 1860, to abrogate it and restore the original contract. As to the nature of the agreement, the most obvious features of it are, that it was limited in point of time, and conditional in its operation. It did not purport to be an absolute modification of the terms of the note. It was to cease at the expiration of three years, whilst the note might continue in force a much longer time. Its present effect depended upon the payment of the interest annually at the Washington County Bank.

Without excuse, or consent on the part of Gibbs, *Mosher* neglected to pay the third year's reduced interest, as he had agreed. By this neglect, he lost all benefit to be thenceforth derived from the agreement, and cannot use it to prevent a recovery of interest at the rate specified in the note.

If, however, there had been no failure to perform the special agreement, it was still competent for the parties to rescind it and return to the original. The objection to this part of the transaction is, that the writing of April, 1860, is void for usu-

ry. The highest rate of interest then allowed by law was ten per cent. per annum, and all contracts upon which a greater sum was reserved were void. Laws of 1859, chap. 160; laws of 1860, chap. 202. If we assume that the terms of the note were absolutely changed by the special agreement, the objection might be good. The writing would then be in the nature of a new promise to pay a rate of interest greater than that prescribed by law. But we have already seen that the stipulations of the note were not annulled by the special agreement, but only suspended. The rescission of the latter, therefore, left the former in full force, and created no new promise or obligation.

An objection is also taken upon the pleadings. The complaint contains no averment of the special agreement, the breach or rescission. It is said, it was irregular to receive proof of them. Granting that this was so, yet as there was no objection below for that reason, none can be made here. It appears that the proof came in without opposition. If objection had been made, the defect might have been cured by an instantaneous amendment, it appearing that there could be no surprise. At all events, we cannot listen to objections of this kind which were not urged at the trial.

Judgment affirmed.